IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT CHARLES LEWIS, | : |
| Plaintiff, | : |
| v. | : Civ. No. 20-883-CFC |
| DELAWARE FOOT AND ANKLE GROUP, et al., | : |
| Defendants. | : |

Robert Charles Lewis, Wilmington, Delaware, Pro Se Plaintiff.

**MEMORANDUM OPINION**

December 21, 2020
Wilmington, Delaware

*[signature]*

CONNOLLY, U.S. District Judge:

I. **INTRODUCTION**

Plaintiff Robert Charles Lewis proceeds *pro se* and has been granted leave to proceed *in forma pauperis*. This action was commenced on June 29, 2020, and invokes the jurisdiction of this Court by reason of a federal question. (D.I. 2 at 3) The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

II. **BACKGROUND**

Plaintiff, who resides in Wilmington, Delaware, has sued Delaware Foot and Ankle Group and Dr. Ernest Troisi. (D.I. 2 at 2) Plaintiff alleges that the office of Delaware Foot and Ankle is in Delaware and that Dr. Troisi practices medicine in the State of Delaware. He also alleges that the injury occurred in Delaware. (*Id.* at 4)

Plaintiff alleges that he presented to Dr. Troisi for a wood splinter in his heel and that Dr. Troisi used a instrument to cut the heel in three places. (*Id.*) Dr. Troisi gave Plaintiff medical advice on how to care for the wound. (*Id.* at 6) The wound became infected and Plaintiff alleges that after nine months his right foot is still painful. (*Id.* at 6)

Plaintiff alleges that Dr. Troisi was careless and did not have consent to cut Plaintiff's foot. (*Id.* at 5) Plaintiff alleges that after Dr. Troisi cut the right side of foot he could no longer pursue happiness and lived in fear of having his right leg amputated after the wound became infected. (*Id.* at 3) Plaintiff seeks compensatory damages.

III. **LEGAL STANDARDS**

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a

1

defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020) (quoting *Neitzke v. Williams*, 490 U.S. 319, 331 (1989)); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'" *Dooley v. Wetzel*, 957 F.3d at 374 (quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (2003) and *Neitzke*, 490 U.S. at 327-28).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant Plaintiff leave to amend the complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d at 114.

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) assume the veracity of any well-pleaded factual allegations and then determine whether those allegations plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotations omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

The Court finds no basis for jurisdiction. Although the Complaint claims jurisdiction on the basis of a federal question, the Complaint does not invoke any federal statute, name any federal defendant, and the claims do not arise under the Constitution, laws or treaties of the United States.

In addition, there is no jurisdiction by reason of diversity of citizenship. "[F]or purposes of determining the existence of diversity jurisdiction, the citizenship of the parties is to be determined with reference to the facts as they existed at the time of filing." *Grupo Dataflux v. Atlas Glob. Grp.*, L.P., 541 U.S. 567, 569-70, (2004). For diversity jurisdiction, the matter in controversy must exceed the sum or value of $75,000, exclusive of interest and costs, and the suit must be between citizens of different states. *See* 28 U.S.C. § 1332(a)(1). The Complaint alleges the citizenship of the parties. The Complaint is explicit that Plaintiff resides in the State of Delaware and Delaware Foot and Ankle Group has offices in the State of Delaware. The Complaint provides only the business address of Dr. Troisi so it is not clear if he is a citizen of the State of Delaware. Regardless, because Plaintiff and Delaware Foot and Ankle Group are both citizens of the State of Delaware there is not complete diversity. Therefore the requirements for diversity jurisdiction have not been pled.

There is no federal claim and the parties are not diverse. Hence there is no basis for jurisdiction.

## V.  CONCLUSION

For the above reasons, the Court will dismiss the Complaint for lack of jurisdiction. Given the stated factual basis for the lawsuit, there is no basis to believe that Plaintiff can amend his lawsuit to state a federal claim or otherwise invoke the jurisdiction of the Court.[1]  Thus, permitting leave to amend would be futile.

An appropriate order will be entered.

---

[1] The Complaint alleges medical negligence. Even if the Court had subject matter jurisdiction, dismissal is appropriate because Plaintiff failed to comply with the requisites of the Delaware Health Care Negligence Insurance and Litigation Act. 18 Del. C. §§ 6801-6865. When a party alleges medical negligence, Delaware law requires the party to produce an affidavit of merit with expert medical testimony detailing: (1) the applicable standard of care, (2) the alleged deviation from that standard, and (3) the causal link between the deviation and the alleged injury. *Bonesmo v. Nemours Found.*, 253 F. Supp. 2d 801, 804 (D. Del. 2003) (quoting *Green v. Weiner*, 766 A.2d 492, 494-95 (Del. 2001)) (internal quotations omitted); 18 Del. C. § 6853. Because Plaintiff alleges medical negligence, at the time he filed the complaint he was required to submit an affidavit of merit as to each defendant signed by an expert witness. 18 Del. C. § 6853(a)(1). He did not.

5